PHILLIP A. TALBERT
United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $141,513.00 IN U.S. CURRENCY,<br><br>     Defendant. | CASE NO. 1:21-MC-0069-AWI-BAM<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 25, 2020, agents with the Department of Homeland Security, Homeland Security Investigations ("HSI") seized Approximately $141,513.00 in U.S. Currency (hereafter "Defendant Currency") at XXXX Siskiyou Way in Modesto, California.

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about May 5, 2021, HSI received a claim from Sergiy Krystafovych asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on October 2, 2019, an officer assigned to the Los Angeles DHL Hub for U.S. Customs and Border Protection (CBP LA Hub) examined two incoming international shipments from Hong Kong, China. The shipments were consigned to Olga Chiley (hereafter "Chiley") with an address on Siskiyou Way in Modesto, California. The shipments contained ten suspected counterfeit Honda airbag covers with correlating logos and five suspected counterfeit Acura airbag covers with corresponding logos.

4. The United States court further show that on November 15, 2019, a CBP Import Specialist contacted the Brand Protection & Intellectual Property Unit of American Honda Motor Co.

(hereafter "Honda IPU").  A Honda IPU representative determined the airbag covers bearing the Honda logo were counterfeit stating that there were missing emblems, improper production marks, and that air bag covers are not sold as a separate component of an airbag assembly.

5.      The United States could show that on December 23, 2019, the Fines, Penalties & Forfeitures Unit of CBP (FP&F) sent administrative notice of the seizure to Chiley.  Based on information and belief, no claims were made by Chiley for the seized property.

6.      The United States could further show that on January 1, 2020, an officer assigned to the CBP LA Hub conducted an enforcement inspection on an incoming shipment form Hong Kong, China.  The shipment was destined to Chiley at the Siskiyou address in Modesto, California.  The officer located five suspected counterfeit Honda airbag covers.  A CBP Import Specialist identified the contents as counterfeit on the basis that the packaging was inconsistent with shipping methods used by Honda, and that authentic Honda airbag covers are only sold with the complete airbag assembly unit. CBP seized the contents on February 27, 2020.

7.      The United States could also show that in January 2020, as a result of an investigation into the counterfeit goods sales activity of Chiley, agents with Homeland Security Investigations (hereinafter "HSI") discovered that between 2013 and 2019, the Siskiyou address received several shipments of automotive parts with descriptions such a "auto parts sample; belt accessories; sample of auto diagnostic tool; sensors, seat belt component; automotive sensors; seat belt tubes 40 pcs; set belt parts; and automotive parts."  Most of the shipments originated from China and did not appear to be from original equipment manufacturers.  Agents learned that Chiley shares the Siskiyou residence with her husband, Sergiy Kryshtafovych (hereafter "Kryshtafovych").

8.      The United States could establish at trial that on May 23, 2020, an officer assigned to the CBP LA Hub conducted an enforcement inspection on an incoming shipment from Hong Kong, China. The shipment was manifested as "PLASTIC COVER" and destined to Chiley at the Siskiyou address in Modesto, California.  The officer located five suspected counterfeit Honda airbag covers.

9.      The United States could further show that on June 1, 2020, a Honda IPU representative determined that the airbag covers seized on May 23, 2020, were not genuine on the basis that the emblems on the airbag covers were detachable or unsecured, the covers did not have proper production

marks, the covers were improperly packaged, and that Honda does not sell airbag covers separate from an airbag assembly.  Honda stated that only complete airbag assemblies are sold to authorized Honda dealers.  CBP seized the contents of this shipment on June 3, 2020.

10.     The United States represents that it could show at a forfeiture trial that on August 25, 2020, an HSI agent in undercover capacity as a delivery driver (UC), made a controlled delivery of a package containing counterfeit airbag products to Kryshtafovych and Chiley's residence.  Ten minutes later, surveillance observed Chiley arrive at the resident, park in the driveway, and sit in her vehicle while drinking coffee.  About 15 minutes later, surveillance observed Chiley exit her vehicle, approach the front door, retrieve the package, and enter the residence.

11.     The United States could further show that on August 25, 2020, HSI agents and members of the Stanislaus County District Attorney Investigator's Office executed a search warrant at the Siskiyou residence.  During the search, law enforcement located approximately 57 counterfeit airbag covers, two assembled counterfeit airbags, an assembled counterfeit Chevrolet airbag, a side airbag control module, and evidence of airbag assembly and sales in the garage of the residence.

12.     At trial, the United States could show that agents located in the home office of the residence inside a filing cabinet a weapon in a small gun case and a white enveloped containing a bundle of currency.  "11510" was written on the outside of the envelope with other numbers crossed out.

13.     The United States represents that it could show at a forfeiture trial that law enforcement located in the garage, a large safe that contained two shopping bags of envelopes with currency.  One bag contained a Mead Five Star pouch with several envelopes of currency.  A second bag contained a blue zipper pouch with several envelopes of currency.  Some of the envelopes were taped with masking tape.  One envelope was taped with masking tape and wrapped in plastic.  One of the envelopes had writing with numbers ranging from "5000" to "10000."  The aggregate of both amounts of currency total the Defendant Currency.  Two firearms were also located during the search with one firearm found with the currency in the safe and another firearm with the currency in a lockbox.

14.     The United States could further establish that Kryshtafovych agreed to answer questions about his business and the items located in the residence.  Kryshtafovych initially stated that he was not

aware of the contents of the DHL package delivered to the residence prior to the execution of the search warrant.  The HIS agent showed Kryshtafovych an image of the counterfeit airbag covers contained in the delivered package, and then Kryshtafovych recognized them and immediately identified the counterfeit airbag covers as "plastic parts for airbags."

15.    The United States could further show that Kryshtafovych stated that he assembled airbags at the residence and runs a mobile business called "SMOBILE."  Kryshtafovych said that he assembles airbags at the residence and runs a mobile business called "SMOBILE."   Kryshtafovych said that he replaces the airbag with new covers and includes the airbags inside as complete kits.  He estimated that he has assembled 10-20 airbags as part of his business.

16.    The United States can show that Kryshtafovych stated he has been in the automotive repair business for approximately 13 years.  Kryshtafovych is self-employed and learned to repair cars in Ukraine.  Kryshtafovych said he also installs computers, modules, and seatbelts.  Kryshtafovych admitted he is not a licensed ASE Certified Mechanic.  Kryshtafovych said his wife, Chiley, is a full-time caretaker of their children.

17.    The United States represents that it could show at a forfeiture trial that Kryshtafovych told agents he obtained the airbag covers from China through various internet websites.  Kryshtafovych claimed he did not remember the name of the website he used to order the airbag covers, and then later stated that the referenced website was no longer online.  Kryshtafovych later stated that the website name was "China Airbags or something."  Kryshtafovych stated that he was unaware the airbag covers were counterfeit.

18.    The United States could further show that Kryshtafovych said he typically sells the completed airbag assembly to his customers for approximately $300 to $350, and it would cost him approximately $180 to $200 to purchase the component parts.  Kryshtafovych admitted that additional airbag covers were located in the garage and that he purchased these types of parts from the internet website Ebay.  The HIS agent advised Kryshtafovych that installing counterfeit airbag covers is illegal because counterfeits are not properly designed, can cause serious injury if deployed in an accident, and that such injuries caused by his airbag cover installations could result in serious legal trouble for him.  Kryshtafovych replied he understood.

19.     At a forfeiture trial, the United States could show that Kryshtafovych acknowledged the attempted purchases of airbag covers in June 2020, February 2020, and December 2019.  Kryshtafovych further acknowledged and understood it is illegal to install the counterfeit airbags and agreed to stop this activity.

20.     Law enforcement determined that Kryshtafovych's only source of income is his automotive repair business.

21.     On or about January 13, 2021, Kryshtafovych and Chiley were charged with felony possession of counterfeit merchandise for sale in violation of California Penal Code § 350(a)(2).  The case of *People v. Olga Chiley, et al.*, Stanislaus County Superior Court case numbers CR21001139 and CR21001140, is pending.

22.     The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 2323(a).

23.     Without admitting the truth of the factual assertions contained in this stipulation, Claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimants agree that an adequate factual basis exists to support forfeiture of the Defendant Currency.  Sergiy Krystafovych and Olga Chiley hereby acknowledge that they are the sole owners of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Claimants shall hold harmless and indemnify the United States, as set forth below.

24.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

25.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

26.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.      Upon entry of this Consent Judgment of Forfeiture, $71,013.00 of the Approximately $141,513.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 2323(a), to be disposed of according to law.

3.      Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $70,500.00 of the Approximately $141,513.00 in U.S. Currency shall be returned to claimants Sergiy Krystafovych and Olga Chiley through their attorney, Jakrun S. Sodhi.

4.      The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5.      No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.      All parties will bear their own costs and attorney's fees.

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated:   April 14, 2022      _____

                    SENIOR  DISTRICT  JUDGE